Deutsche Bank Natl. Trust Co. v Bessette (2026 NY Slip Op 01259)

Deutsche Bank Natl. Trust Co. v Bessette

2026 NY Slip Op 01259

Decided on March 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 5, 2026

CV-24-1554
[*1]Deutsche Bank National Trust Company, as Trustee, Appellant,
vLola Bessette, Also Known as Lola Kubik, Respondent, et al., Defendants.

Calendar Date:January 9, 2026

Before:Clark, J.P., Pritzker, McShan, Powers and Corcoran, JJ.

Greenberg Traurig, LLP, New York City (Sarah D. Lemon of counsel), for appellant.
Legal Aid Society of Northeastern New York, Inc., Plattsburgh (Rachel L. McGhee of counsel), for respondent.

Clark, J.P.
Appeal from an order of the Supreme Court (Allison McGahay, J.), entered September 5, 2024 in Essex County, which, among other things, upon searching the record, granted defendant summary judgment dismissing the complaint.
In February 2007, defendant Lola Bessette (hereinafter defendant) and a coborrower [FN1] executed a note for $95,000 in favor of IndyMac Bank, F.S.B., which was secured by a mortgage on real property in Essex County. The note and mortgage were subsequently assigned to plaintiff, who, in June 2010, commenced a mortgage foreclosure action due to the borrowers' alleged February 2010 default on the loan. Plaintiff's complaint in the 2010 foreclosure action elected to accelerate the debt.
Following procedural history not directly relevant here, in September 2016, the foreclosure action was dismissed as "abandoned" under CPLR 3215 (c). Such dismissal was subsequently vacated in December 2017 and the action was restored to the calendar, with a warning that the action had "now been pending for more than seven years" and that "the complaint [would] be dismissed if a motion for a [j]udgement of [f]oreclosure and [s]ale [was] not filed within [60] days of this [d]ecision" (emphasis omitted).
In March 2018, following plaintiff's failure to file a motion for a judgment of foreclosure and sale by the court-imposed deadline, Supreme Court (Muller, J.) issued a conditional order of dismissal providing that the action "shall be dismissed with prejudice and the notice of pendency vacated unless plaintiff files its motion for a [j]udgment of [f]oreclosure and [s]ale within twenty (20) days." When plaintiff again failed to do so within the extended deadline, Supreme Court, by decision and order entered April 27, 2018, dismissed the foreclosure action with prejudice, citing plaintiff's failure to abide by the court-imposed deadlines for filing a motion for a judgment of foreclosure and sale, as well as its "overall pattern of delay," as the basis for the dismissal. Thereafter, plaintiff moved to vacate the April 2018 dismissal order, which motion was denied in July 2019. In September 2022, Supreme Court denied plaintiff's subsequent motion to renew/reargue its motion to vacate.
In February 2023, plaintiff commenced the instant foreclosure action against defendant based upon her alleged failure to cure the February 2010 default. Defendant answered, raised several affirmative defenses, including that the action was time-barred, and interposed counterclaims for cancellation/discharge of the subject mortgage and to quiet title. Plaintiff subsequently moved for summary judgment, seeking, among other things, an order striking defendant's answer and dismissing the affirmative defenses and counterclaims, and appointing a referee to compute the amount due and owing on the mortgage. Plaintiff argued that, under the savings provision of CPLR 205 (a), the instant action was timely insofar as it was commenced within six months of the September 2022 order denying [*2]its motion to renew/reargue the motion to vacate the April 2018 dismissal order. In opposition, defendant countered that plaintiff's reliance on CPLR 205 (a) was misplaced, as the Foreclosure Abuse Prevention Act (see L 2022, ch 821 [hereinafter FAPA]), which went into effect in December 2022, removed mortgage foreclosure actions from the purview of CPLR 205 (a) and created a narrower savings provision, codified at CPLR 205-a, that expressly applies to mortgage foreclosure actions. Defendant maintained that plaintiff was not entitled to the benefit of the savings provision set forth in CPLR 205-a, as the initial foreclosure action was terminated based upon plaintiff's failure to move for a judgment of foreclosure and sale by court-imposed deadlines.
By decision and order entered September 5, 2024, Supreme Court (McGahay, J.), denied plaintiff's motion for summary judgment, searched the record and awarded summary judgment to defendant dismissing the complaint as time-barred, and rendered judgment as a matter of law in defendant's favor on her counterclaims. As relevant here, the court found that, even if CPLR 205 (a) was still applicable to the instant action after the enactment of FAPA and the codification of CPLR 205-a, plaintiff did not establish its entitlement to the benefit of the grace period set forth in either provision, rendering the instant action, filed over seven years after the limitations period expired, untimely. Plaintiff appeals, challenging only the dismissal of the action on statute of limitations grounds.
We affirm, albeit for different reasons than those articulated by Supreme Court. "An action to enforce a residential mortgage loan agreement sounds in breach of contract and is subject to a six-year statute of limitations" (Van Dyke v U.S. Bank, Natl. Assn., ___ NY3d ___, ___, 2025 NY Slip Op 06537, *1 [2025]; see CPLR 213 [4]; U.S. Bank N.A. v Craft, 240 AD3d 1140, 1142 [3d Dept 2025]). When a mortgage is payable in installments, the limitations period "runs separately as to each installment payment missed by the borrower" (Van Dyke v U.S. Bank, Natl. Assn., ___ NY3d at___, 2025 NY Slip Op 06537, *1; see Article 13 LLC v Ponce De Leon Fed. Bank, ___ NY3d ___, 2025 NY Slip Op 06536, *2 [2025]). Alternatively, the noteholder may elect to accelerate the debt, at which point "the six-year limitations period starts running as to the entire amount due under the loan as of the date of the acceleration" (Van Dyke v U.S. Bank, Natl. Assn., ___ NY3d at___, 2025 NY Slip Op 06537 at *2; see Article 13 LLC v Ponce De Leon Fed. Bank, ___ NY3d at ___, 2025 NY Slip Op 06536, *2-*3).
CPLR 205 (a) and CPLR 205-a both set forth a six-month grace period within which a plaintiff may recommence an action that was originally timely filed but subsequently terminated, unless the termination was based upon one of the grounds enumerated in those sections. CPLR 205 (a) previously applied to mortgage foreclosure actions. However, with the enactment of [*3]FAPA, the savings provision applicable to mortgage foreclosure actions is now set forth in CPLR 205-a (see CPLR 205 [c]).
As relevant here, the six-month grace period of CPLR 205-a (a) does not apply when the prior mortgage foreclosure action terminated "for any form of neglect," even a one-time event (see Bank of N.Y. Mellon v Richards, 233 AD3d 1250, 1251 [3d Dept 2024]; Vincent Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 205-a at 287 [2024 ed]). In contrast, CPLR 205 (a) "takes away the recommencement option" (Vincent Alexander, Prac Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 205-a at 287 [2024 ed]) only where the prior action was terminated for "neglect to prosecute" and the court "set forth on the record the specific conduct constituting the neglect, which conduct shall demonstrate a general pattern of delay in proceeding with the litigation" (CPLR 205 [a]).
Plaintiff maintains that CPLR 205 (a) — rather than CPLR 205-a — applies in this case and that it is entitled to the benefit of the grace period set forth therein insofar as the April 2018 dismissal order "failed to set forth on the record the specific conduct demonstrating a general pattern of delay in proceeding with the litigation." We disagree. Initially, plaintiff's argument that CPLR 205-a should not be applied retroactively here is foreclosed by this Court's decision in Bank of N.Y. Mellon v Richards (233 AD3d at 1251), in which we held that this provision of FAPA applies retroactively to mortgage foreclosure actions in which a final judgment of foreclosure and sale has not been enforced (see L 2022, ch 821, § 10). We discern no reason to depart from such precedent and we also reject plaintiff's constitutional challenge to the retroactive application of CPLR 205-a (see MCLP Asset Co., Inc. v Zaveri, 243 AD3d 1209, 1211-1214 [4th Dept 2025]; Deutsche Bank Natl. Trust Co. v Feurtado, 241 AD3d 499, 501 [2d Dept 2025]; Deutsche Bank Natl. Trust Co. v Vista Holding, LLC, 239 AD3d 830, 834 [2d Dept 2025]; see also Van Dyke v U.S. Bank, Natl. Assn., ___ NY3d at ___, 2025 NY Slip Op 06537, *6). Thus, we will analyze the timeliness of the instant action utilizing the savings provision of CPLR 205-a.
As plaintiff accelerated the mortgage debt with the commencement of the first foreclosure action in 2010, and did not produce any evidence that the acceleration was validly revoked, the six-year statute of limitations expired in 2016 (see CPLR 213 [4]; Bank of N.Y. Mellon v Richards, 233 AD3d at 1252). Given that the 2010 foreclosure action was dismissed due to plaintiff's failure to comply with court-imposed deadlines to file for a judgment of foreclosure and sale, the action was terminated for "neglect" within the meaning of CPLR 205-a and plaintiff is not entitled to the benefit of the grace period set forth therein. Thus, the instant action, filed several years after the statute of limitations expired, is untimely (see U.S. Bank Trust N.A. v Pluchino[*4], 244 AD3d 1162, 1164 [2d Dept 2025]; HSBC Bank, USA, N.A., v Vesely, 244 AD3d 51, 56 [3d Dept 2025]).
Pritzker, McShan, Powers and Corcoran, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: The coborrower has since passed away.